IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOY ZELIKOVSKY, § § Plaintiff, § § v. § § INTERNATIONAL ASSOCIATION OF § EATING DISORDER PROFESSIONALS' § FOUNDATION, INC., *et al.*, § § Defendants. § | Civil Action No. 3:23-CV2624-N |

## ORDER

This Order addresses Defendants' motions to dismiss or transfer [34, 36] and Plaintiff Zelikovsky's motion for discovery [41]. Because the case has no apparent connection to the Northern District of Texas, the Court grants the motion to transfer.

### I. BACKGROUND OF THE CASE

Plaintiff Zelikovsky is a mental health professional with a focus on eating disorders. Defendant International Association of Eating Disorder Professionals' Foundation, Inc. ("IAEDP")[1] is allegedly the principal credentialing organization for eating disorder professionals in the country. It is a California nonprofit corporation with its principal place of business in Illinois. Zelikovsky brings this putative class action against IAEDP and some of its principals claiming they leverage its monopoly in credentialing in violation of the antitrust laws, as well as other statutory and common law claims. Defendants now

---

[1] The parties use the lower-case abbreviation "iaedp." The Court will follow the legal convention of using upper-case for the defined term.

ORDER – PAGE 1

move to dismiss for lack of personal jurisdiction or, alternatively, to transfer to the Central District of Illinois. Because the venue issue is relatively straightforward, the Court will exercise its discretion to consider that before personal jurisdiction. *See Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 99-100 (5th Cir. 2018).

## II. VENUE

In the Fifth Circuit, motions to transfer venue are controlled by *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). A court must consider the private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*]). The court must also consider the public interest factors: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* Note that the plaintiff's choice of forum is not a factor to be considered, but it does affect the burden of proof on movant: the proposed transferee venue must be clearly more convenient. *Id.*

The venue analysis is simplified by the fact that the Northern District of Texas has essentially no relationship to the controversy. Zelikovsky is a Connecticut psychologist practicing in Connecticut. Defendant Harken was the managing director of IAEDP and resides in Pekin, Illinois, in the Central District of Illinois. The principal place of business

ORDER – PAGE 2

of IAEDP is Pekin, Illinois. The other individual defendants are former officers and board members of independent IAEDP chapters and reside in Florida, Arizona, and Alabama. Although there is an independent chapter of IAEDP in North Texas, it appears to have no relation to Zelikovsky's dispute with IAEDP. In fact, the only connection this dispute appears to have with the Northern District of Texas is that plaintiff's counsel is located in the District. *See Volkswagen I*, 371 F.3d at 206 (convenience of counsel is not a factor in venue determination) (citing *In re Horseshoe Entm't,* 337 F.3d 429, 434 (5th Cir. 2003)).

Zelikovsky argues that IAEDP has announced Harken's retirement as managing director. But there is no evidence in the record as to when that is effective, or who might replace her, or where that hypothetical person will be located. It seems relatively clear that Harken will remain an important witness, retired or not. At least some evidence is presently located in Illinois. And Illinois has a local interest in this dispute.[2]

On the other side of the scale, there is . . . nothing.

The Court finds that the Central District of Illinois is a clearly more convenient forum and orders that this case be transferred to that district.

Zelikovsky also moves for jurisdictional discovery. The proposed discovery is aimed at personal jurisdiction issues, rather than venue. As the personal jurisdiction issues will be in a substantially different posture in the Central District of Illinois, the Court denies the motion for discovery without prejudice to reurging it should it still be relevant in the Central District of Illinois.

---

[2] The other factors appear to be, at best, neutral.

ORDER – PAGE 3

In accordance with guidance from the Fifth Circuit, the Court stays its transfer order for twenty-one (21) days from today's date. *See In re Chamber of Commerce of the United States of America*, 105 F.4th 297, 302 n.17 (5th Cir. 2024).

Signed July 24, 2024.

_____
David C. Godbey
Chief District Judge